IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD POHL,

    Plaintiff,

vs.                                        No. CIV-06-0495 RB/RLP

**DANIEL JUNICK, M.D.; NEW MEXICO ORTHOPAEDIC ASSOCIATES, P.C.; WILLIAM YELVERTON, P.A.; CHARLES A. BOUDREAUX, M.D.; ZIMMER CORPORATION,** A Delaware Corporation; **RICH HERRION,** as an individual and in his official capacity as a sales representative for Zimmer Corporation; **ST. JOSEPH HEALTHCARE CORPORATION**, A New Mexico Corporation; **JULIA ANN WHEELER**, a nurse at St. Joseph Health Care Corporation, in her individual capacity and in her official capacity as a nurse at St. Joseph Hospital,

    Defendants.

**Memorandum Opinion and Order
Denying Plaintiff's Motion for Stay and
to Impound All Medical Records.**

    **THIS MATTER** comes before the Court on Plaintiff's Motion to Impose a Stay in the Proceedings and to Impound all Medical Records. [Docket No. 15]. Defendants Zimmer Inc. and Boudreaux have responded to the Motion. [Docket Nos.20 & 21].

    Plaintiff contends that there are material differences in records submitted to the New Mexico Medical Review Commission in connection with an proceeding before that body in February 2006 and those which he received from Defendant Hospital in July 2005. Plaintiff does not, however, provide the court with a side-by-side comparison of those records to substantiate this claim. Plaintiff has provided an affidavit of a document

examiner who looked at copies of the medical records. [Docket No. 16, Ex. A]. This affidavit is the subject of a Motion to Strike.[Docket No. 26]. Regardless of the merits of the affidavit, it does not speak to alterations in the medical record, but to authorship of entries in the medical record.

Plaintiff may seek production of the original medical records, and compare those originals with copies previously provided to him. He may also seek, through stipulation or proper motion, to have the original records evaluated by a questioned documents examiner. However, this court will not take custody of the originals.

Plaintiff apparently seeks the stay in Response to Defendant Boudreaux's Motion for Summary Judgment. If Plaintiff feels he can not adequately respond to Defendant Boudreaux's Motion prior to evaluation of the original medical records, his recourse is through F.R.Civ.P. 56(f).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Impose a Stay in the Proceedings and to Impound all Medical Records is denied.

_____
Richard L. Puglisi
United States Magistrate Judge