IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EDWARD POHL,<br><br>   Plaintiff,<br><br>vs.<br><br>DANIEL JUNICK, M.D.; NEW MEXICO<br>ORTHOPAEDIC ASSOCIATES, P.C.;<br>WILLIAM YELVERTON, P.A.;<br>CHARLES A. BOUDREAUX, M.D.;<br>ZIMMER CORPORATION, A DELAWARE<br>CORPORATION; RICH HERRION AS AN<br>INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS<br>A SALES REPRESENTATIVE FOR ZIMMER<br>CORPORATION; ST. JOSEPH HEALTHCARE<br>CORPORATION, A NEW MEXICO CORPORATION;<br>JULIA ANN WHEELER, A NURSE AT ST. JOSEPH<br>HEALTHCARE CORPORATION, IN HER<br>INDIVIDUAL CAPACITY AND IN HER OFFICIAL<br>CAPACITY AS A NURSE AT ST. JOSEPH<br>HOSPITAL,<br><br>   Defendants. | No. CIV. 06-0495 RB/RLP |

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** came before the Court on Plaintiff's Opposed Motion for Second Amendment to Complaint and for Remand to State Court (Doc. 11), filed on June 11, 2006. Having considered the submissions, and being otherwise fully advised, I hereby **remand** this matter to state court, pursuant to 28 U.S.C. § 1447(c) (2000), as follows.

**I. Factual Background.**

  On June 30, 2002, Plaintiff (Edward Pohl) fractured his right fibula and tibia. (First Amend. Compl. ¶19.) He alleges that the negligent medical treatment he received for that injury from the defendants proximately caused a bone infection that, in turn, necessitated that his right leg be amputated below the knee. (*Id*. ¶29.) Plaintiff also avers that his privacy was tortiously invaded by Defendant

Herrion during a July 5, 2002 surgery.  (*Id*. ¶¶90-92.)  Further, Plaintiff alleges that Defendants Zimmer and St. Joseph Hospital "engaged in" an illegal "tying arrangement," in violation of federal and state antitrust laws.  (*Id*. ¶¶50-64.)

## II.     Procedural Posture.

On June 30, 2005, Plaintiff filed the Complaint for Negligence and Personal Injury, stemming from alleged medical malpractice, in the State of New Mexico's Second Judicial District.  (Notice of Removal Ex. 1.)  On April 21, 2006, Plaintiff filed his First Amended Complaint for Negligence, Personal Injury, and Anti-Trust Violations that joined, *inter alios*, Defendant Zimmer, Inc. (Zimmer) and added federal and state anti-trust claims.[1]  (Notice of Removal Ex. 2 (First Amend. Compl.) at 1, 4.)

On May 10, 2006, Plaintiff served Defendant Zimmer, Inc. (Zimmer) with a Summons and copy of the First Amended Complaint through the New Mexico Secretary of State, pursuant to N.M. STAT. ANN. § 38-1-6(B) (LexisNexis 2006).  (Notice of Removal Ex. 3 (Martinez Aff.).)  Defendant removed the instant matter to this Court on June 12, 2006.

The Notice of Removal invoked this Court's federal question jurisdiction, citing the First Amended Complaint's federal anti-trust allegations.  (Notice of Removal ¶¶7-8 (citing 28 U.S.C. §§ 1331, 1441 (2000)).)  With two exceptions, it is clear that the other defendants to this litigation expressly consented to Defendant Zimmer's removal effort.  (Notice of Removal Exs. 4, 5.)

On June 21, 2006, Plaintiff timely filed a remand motion and also moved for leave of this Court to file a pleading - styled "Second Amended Complaint for Negligence, Personal Injury, and Anti-Trust

---

[1]Plaintiff avers that Defendants Zimmer and St. Joseph Hospital entered into an unlawful "tying arrangement" on July 5, 2002, during Plaintiff's surgery at St. Joseph's Hospital.  (*Id*.)  The First Amended Complaint states that the unlawful agreement involved two or more products, sold by Zimmer and inserted into Plaintiff's leg.  (*See id*. ¶53 (identifying the: (1) "tying product" as the "intramedullary rod"; and (2) "tied product" as the "cortical screws and endplate").)

Violations" - pursuant to FED. R. CIV. P. 15 and 28 U.S.C. § 1447. (Pl.'s Opposed Mot. Second Amend. Compl. & Remand 1-2.) With regards to remand, Plaintiff argues that removal was procedurally defective because all the defendants did not consent. (Pl.'s Opposed Mot. Second Amend. Compl. & Remand 5-6; *but see* Notice of Removal ¶¶15-17 (arguing that, as of June 12, 2006, Plaintiff had not properly served Defendants St. Joseph's Hospital and Julia Ann Wheeler and, thus, these defendants' consent was unnecessary).)

### III. The Notice of Removal is Untimely.

The United States district courts are "courts of limited jurisdiction . . .[that] possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2616 (2005). Therein, it is "well-established that statutes conferring jurisdiction upon the federal courts, and *particularly removal statutes*, are to be narrowly construed." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) (emphasis added).

Accordingly, the Court's "examination of . . . [Plaintiff's] motion to remand begins with the overriding principle that because federal removal jurisdiction is statutory in nature, it is strictly construed." *See Farmland Nat'l Beef Packing Co. v. Stone Container Corp.*, No. 04-3028, 98 Fed. Appx. 752, 755-56 (10th Cir. Apr. 16, 2004) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Indeed, "[t]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and "[a]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982), *quoted in Farmland Nat'l Beef Packing Co.*, 98 Fed. Appx. at 755.

"'The failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand.'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

Among other requirements governing removal, 28 U.S.C. § 1446(b) provides that:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (2000) (emphasis added).  Here, it is clear that Defendant Zimmer did not file the Notice of Removal "within thirty days after receipt . . . of a copy of [the] amended pleading . . . ." *See id*.

The record indicates that: (1) Plaintiff served Defendant Zimmer with the First Amended Complaint on May 10, 2006 (Notice of Removal Ex. 3 (Martinez Aff.); *but see* Notice of Removal ¶ 6 ("On May 11, 2006, Plaintiff served Zimmer . . .")); and (2) Defendant removed this action on Monday, June 12, 2006.  Hence, the thirty-day period prescribed by § 1446(b) opened - at the latest - on May 10, 2006 and Defendant Zimmer's window to removal closed on Friday, June 9, 2006.[2]  *See* FED. R. CIV. P. 6(a). Therefore, the Notice of Removal - filed June 12, 2006 - is procedurally defective and remand is justified "because untimeliness--an independent and adequate basis for [a] remand order--is plainly a defect within the meaning of [§ 1447(c)]."  *Ohio ex rel. Petro v. Bulgartabac Holding Group*, No. 04-4228, 167 Fed. Appx. 512, 515 (6th Cir. Feb. 14, 2006) (citations omitted); *see Huffman*, 194 F.3d at 1076.

**IV.   Remand is Authorized Based on Defendant Zimmer's Untimely Removal.**

The Court is authorized to remand this cased based on Defendant Zimmer's failure to comply with the filing requirements set forth in 28 U.S.C. § 1446(b).  Several courts of appeal have expressly recognized that district courts are authorized to remand for reasons *not* included in a "procedurally-based motion for remand [that] is timely filed."  *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th

---

[2]In pertinent part, the First Amended Complaint added Zimmer as a party to this lawsuit and set forth, on its face, claims encompassed in this Court's 28 U.S.C. § 1331 jurisdiction.  The thirty-day period for filing the Notice of Removal, therefore, began to run on May 10, 2006 (i.e., the day Plaintiff served Defendant Zimmer).  *See Huffman*, 194 F.3d at 1077-78 (construing 28 U.S.C. § 1446(b)).

Cir. 2004); *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1210 (11th Cir. 2003); *Petro*, 167 Fed. Appx. at 515; *see also Tennessee Gas Pipeline Co. v. Cont'l Cas. Co.*, 814 F. Supp. 1302, 1311 (M.D. La. 1993) ("As long as a motion to remand is timely filed within the thirty day period, the court should be allowed to determine all procedural defects which are raised while the motion to remand is pending."). *Cf. Miller v. Lambeth*, 443 F.3d 757, 759-60 (10th Cir. 2006) (concluding that the district court's "basis for remand [fell] within § 1447(c)" where the remand order "concluded that removal was untimely" and relied on § 1446(b), but failing to note whether the remand order was effected sua sponte).

For instance, in *Schexnayder v. Entergy Louisiana, Inc.* the Court of Appeals for the Fifth Circuit rejected the argument that where "a district court raises an *issue* on its own initiative, it acts outside of its § 1447(c) authority." *Schexnayder*, 394 F.3d at 284 (emphasis in original). First, the *Schexnayder* court noted that "no grounds in the statutory language . . . support[s] such a holding": "[b]y its own terms, § 1447(c) is limited to *motions,* not *issues.*" *Id*. Second, the *Schexnayder* court found that the policy concerns underlying cases finding that sua sponte procedural remands improper inapplicable: "'[t]he motion establishes that the moving party does not want to acquiesce in the federal forum,' then the concern 'that a sua sponte remand might 'deprive both sides of their preferred forum' ... is baseless.'" *Id*. at 285 (quoting *Velchez*, 331 F.3d at 1210). Accordingly, the Fifth Circuit concluded that the district court had "not usurped its congressionally mandated role: by filing its motion for remand, [the plaintiff] explicitly refused to 'acquiesce' to the choice of forum." *Id*.

In the absence of clear guidance from the Tenth Circuit, the Court finds the reasoning of the *Schexnayder* court exceedingly persuasive and that it is wholly applicable to the instant case. *See id*. at 284-85. This Court's reasoning is four-fold. First, Defendant Zimmer clearly violated § 1446(a). Second, Plaintiff's motion is timely and objected to removal, in part, on procedural grounds. Third, Plaintiff's motion makes clear that he does *not* acquiesce to defendants' forum preference. Fourth, it is compelling

that this case is in its infancy: remanding this case to state court will not controvert § 1446's "goals of preventing delay and the shuffling of cases back and forth" between state and federal court. *See Whole Health Chiropractic & Wellness , Inc. v. Humana Med. Plan*, 254 F.3d 1317, 1321 (11th Cir. 2001).

The Court recognizes that, while Plaintiff maintains that the Notice of Removal violated § 1446, he does not raise the *untimeliness* of the Notice of Removal as grounds for remand. Therein, it bears mention that six circuit courts of appeal have held that "district court[s] may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing to Fifth, Sixth, and Seventh Circuit opinions). *Accord Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (district court may not remand, sua sponte, for procedurally defective removal petition); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000) (same).

As Wright and Miller succinctly recount, these courts:

reach this result on the basis of the language in the first sentence of [§] 1447(c) referring to "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction," which they read as requiring action by a party and proscribing sua sponte action by the court . . . .

14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3739 (1998) (citations omitted). In addition to the statutory language, the courts of appeal also underscore that sua sponte remands can "frustrate[] the parties' intent, as well as the statutes' goals of preventing delay and the shuffling of cases back and forth." *E.g.*, *Whole Health Chiropractic*, 254 F.3d at 1321 (noting, for instance, that "a plaintiff may acquiesce to federal jurisdiction, and forgive any of the defendant's procedural errors in removing the case"). "In sum, both the language of [§ 1447(c)] and policy considerations compelled the conclusion that Congress intended for the parties to control the choice of forum and that a district court that usurps that decisionmaking role, with respect

to procedural defects, acts outside of its authority." *Schexnayder*, 394 F.3d at 284 (citations omitted).

This line of cases does not control the case at bar. Put plainly, Plaintiff filed a timely remand motion, asserting that the Notice of Removal was procedurally defective. As such, the Court's remand order in this situation - i.e., based on a different procedural defect than that raised in Plaintiff's remand motion - is *not* effected sua sponte. *See Velchez*, 331 F.3d at 1210 (the "dictionary definition of sua sponte does not fit these circumstances, because the court was prompted by Velchez to remand"); BLACK'S LAW DICTIONARY 1464 (8th ed. 2004) (defining "sua sponte" as meaning: "Without prompting or suggestion; on its own motion.") *C.f. In re FMC Corp. Packaging Sys. Div.*, 208 F.3d at 451 ("'By acting without *any* motion, district judges increase the risk of error-both legal error and error in understanding the parties' desires.'" (quoting *In re Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir.1994) (emphasis added))); *Barham v. Edwards Theaters Inc.*, No. 03-56364, 138 Fed. Appx. 896, 897 (9th Cir. May 19, 2005) ("*without a motion to remand* from the plaintiff, the district court's order was sua sponte and improper") (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d at 1191-92) (emphasis added).

Clearly, therefore, the Court is authorized to remand this matter based on Defendant Zimmer's untimely removal. *See Schexnayder*, 394 F.3d at 284-85; 28 U.S.C. §§ 1446, 1447(c). Under these circumstances, overlooking Defendant Zimmer's § 1446(b) violation would abdicate this Court's obligation to "strictly construe" its removal jurisdiction. *See Farmland Nat'l Beef Packing Co.*, 98 Fed. Appx. at 755; *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (noting that defendant carries burden of establishing the propriety of removal). *Accord* 14C WRIGHT, MILLER & COOPER, *supra*, § 3739 (noting that it is "well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met"). This the Court will not do.

7

V.     **Conclusion.**

For the foregoing reasons, this matter is remanded to the State of New Mexico's Second Judicial District.  Plaintiff's Motion for Second Amendment and Remand is **granted** to the extent it seeks remand, but **denied** in all other regards.  Because the Notice of Removal is procedurally defective, all other pending motions need not be reached and are hereby **denied**.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**