IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **EDWARD POHL,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DANIEL JUNICK, M.D.; NEW MEXICO** )<br>**ORTHOPAEDIC ASSOCIATES, P.C.;** )<br>**WILLIAM YELVERTON, P.A.;** )<br>**CHARLES A. BOUDREAUX, M.D.;** )<br>**ZIMMER CORPORATION, A DELAWARE** )<br>**CORPORATION; RICH HERRION AS AN** )<br>**INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS** )<br>**A SALES REPRESENTATIVE FOR ZIMMER** )<br>**CORPORATION; ST. JOSEPH HEALTHCARE** )<br>**CORPORATION, A NEW MEXICO CORPORATION;** )<br>**JULIA ANN WHEELER, A NURSE AT ST. JOSEPH** )<br>**HEALTHCARE CORPORATION, IN HER** )<br>**INDIVIDUAL CAPACITY AND IN HER OFFICIAL** )<br>**CAPACITY AS A NURSE AT ST. JOSEPH** )<br>**HOSPITAL,** )<br>)<br>**Defendants.** ) | **No. CIV. 06-0495 RB/RLP** |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Zimmer, Inc.'s (Zimmer) Motion for Stay of Remand Order, Reconsideration of Remand Order (Doc. 35), filed August 18, 2006, as well as its Amended Motion for Stay of Remand Order (Doc. 36), filed August 18, 2006.  Having considered the submissions, and being otherwise fully advised, I hereby **deny** these motions, pursuant to 28 U.S.C. § 1447(d) (2000), as follows.

**I.     Background.**

On August 17, 2006, the Court issued a Memorandum Opinion and Order (Doc. 34)  remanding

this case to state court due to "Defendant Zimmer's untimely removal." (Mem. Op. & Order 7.) Later that same day - August 17, 2006 - the Clerk's letter to the State of New Mexico's Second Judicial District Court was docketed. *See* D.N.M.LR-Civ. 81.1.

On August 18, 2006, Defendant Zimmer moved this Court to enter "an Order staying its Order remanding this case." (Amend. Mot. Stay & Remand 1.) Defendant Zimmer maintains that the "Notice of Removal was timely because the thirty-day period prescribed by § 1446(b) did not open until May 22, 2006, the date Zimmer *received* the summons and complaint from the Secretary of State." (*Id*. (emphasis added).) In its motions for reconsideration, Defendant Zimmer evidenced - for the first time - that although Plaintiff served its statutory agent May 10, 2006, it received Plaintiff's First Amended Complaint on May 22, 2006.[1] (*Id*. Ex. A (Acceptance of Service Certificate filed by the New Mexico Secretary of State).)

Prior to August 18, 2006, the record contained no indicia that Defendant Zimmer received the First Amended Complaint well after Plaintiff effected service on its statutory agent. *See* 28 U.S.C. § 1446 (2000). The Notice of Removal simply noted that Defendant Zimmer was served on May 10, 2006 through its statutory agent. (Notice of Removal Ex. 3 (Martinez Aff.); *see also* Def. Zimmer's Resp. to Pl.'s Opposed Mot. Second Amend. Compl. & Remand 2.) Consequently, on August 17, 2006, despite the fact that it stood as a glaring obstacle to this Court's removal jurisdiction - i.e., given 28 U.S.C. § 1446's thirty-day window for removal and Defendant Zimmer's burden of overcoming the "presumption against removal" - the record contained no explanation for the Notice of Removal's untimeliness. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see also Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

---

[1] The pending motions are identical, with one exception: Defendant Zimmer's Amended Motion for Stay adds a footnote that 28 U.S.C. § 1447(d) does not bar reconsideration "when the district court acted outside its authority when ordering remand." (Amend. Mot. Stay & Remand 4 n.2.) As discussed herein, however, because the Court *was* authorized to remand this matter on August 17, 2006, § 1447(d) precludes reconsideration.

## II.	The Court Lacks Jurisdiction to Reconsider Its Remand Order.

Even assuming, *arguendo*, that Defendant Zimmer's position - that "the thirty-day period prescribed by §1446(b) did not open until Zimmer *received* the process from the New Mexico Secretary of State" - is correct, this Court lacks jurisdiction to reconsider its own remand order. *See First Union Nat'l Bank v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997); *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996).

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Nixon v. Brooks*, No. 00-1069, 242 F.3d 389, 2001 WL 6280, **1(10th Cir. Dec. 27, 2000) (unpublished table decision). Nor do the District of New Mexico's Local Rules. *See* D.N.M.LR-Civ.

Hence, the analysis begins with 28 U.S.C. § 1447(d): "[t]he general statutory provision governing the reviewability of remand orders." *Topeka Hous. Auth. v. Johnson*, No. 04-4062, 2004 WL 2457803, *1 (D. Kan. Oct. 14, 2004). Section 1447(d) provides, in pertinent part, that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise* . . . ." 28 U.S.C. § 1447(d) (emphasis added).

The Court of Appeals for the Tenth Circuit is clear that § 1447(d) is "a strong statutory limitation on appellate review" - regardless of the correctness of the district court's ruling - but that it applies "only to remands based on 28 U.S.C. § 1447(c)." *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001) (citations omitted). Yet, to date, the Tenth Circuit has not ruled "on whether § 1447(d)'s prohibition of review of remand orders is confined to merely appellate review." *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1088-89 (D.N.M. 2005); *Scherer v. Merck & Co.*, No. 05-2019, 2006 WL 2255689, *2 (D. Kan. Aug. 7, 2006) (same).

Notably, however, courts of appeal that have addressed the issue have "'*universally* construed [§ 1447(d)] to preclude not only appellate review but also reconsideration by the district court.'" *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2nd Cir. 2005) (quoting *Seedman v. U.S. Dist. Court for Cent.*

3

*Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam)) (emphasis added); *see generally Admiral Fin. Corp. v. United States*, 378 F.3d 1336, 1340 (4th Cir. 2004) (noting that, when confronted with an issue of first impression, the courts of appeal "accord great weight to the decisions of . . . sister circuits" and "do not create conflicts among the circuits without strong cause") (internal quotation marks and citation omitted); *Grimland v. United States*, 206 F.2d 599, 601 (10th Cir. 1953) (same).

> As the Court of Appeals for the First Circuit explained:
>
> Removal . . . is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court . . . . [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing can be more inclusive than the phrase "on appeal or otherwise" [in § 1447(d) ]. *The district court has one shot, right or wrong.*

*See In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969) (citations omitted) (emphasis added), *quoted in Chaara v. Intel Corp.*, 410 F. Supp. 2d at 1088-89. Therein, these courts ruled that the "'otherwise' [language] in § 1447(d) includes reconsideration by the district court." *In re Lowe*, 102 F.3d at 734; *In re La Providencia Dev. Corp.*, 406 F.2d at 253 ("Both [district and appellate court review] are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.'").

"[I]dentify[ing] when a court's decision to remand becomes unreviewable" is less settled. *In re Lowe*, 102 F.3d at 734. As a recent District Court for the District of Kansas opinion noted, there are "two camps" of "circuit courts that have considered this issue":

> Some courts hold that district courts can reconsider a remand order under Section 1447(c) until the Clerk of the Court mails the remand order. *See Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984); *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *Fed. Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979). More recent decisions, however, hold that a district court simply cannot reconsider a remand order under Section 1447(c). *See In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996); *In re Loudermilch*, 158 F.3d 1143, 1146 (11th Cir. 1998).

*Scherer*, 2006 WL 2255689, *2.

The position of the second "camp" is exemplified by the Fourth Circuit's *In re Lowe* decision. *See In re Lowe*, 102 F.3d at 736. There the Fourth Circuit reasoned that:

> Subsection 1447(d) provides only that a remand "order" may not be reviewed; it does not condition reviewability on any other event. Thus, the plain language of subsection (d) indicates that a court may not reconsider its decision to remand, as soon as it formalizes that decision in an "order." Subsection 1447(c) supports this interpretation. It directs the district court clerk to mail a "copy" of the remand order to the state court, certainly implying that the order itself, the document § 1447(d) tells us is unreviewable, is in existence before the time of the mailing.

*In re Lowe*, 102 F.3d at 734. In addition to the statutory language, the court emphasized that:

> The general rule prohibiting review of remand orders has been a part of American jurisprudence for at least a century . . . [and that the] "nonreviewability rule rests on a 'policy of not permitting interruption of the litigation of the merits of a removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." This policy is, of course, entirely consistent with a rule that remand orders become nonreviewable as soon as entered. Logic also indicates that it should be the action of a court (entering an order of remand) rather than the action of a clerk (mailing a certified copy of the order) that should determine the vesting of jurisdiction. To hold otherwise would impermissibly elevate substance over form. One party should not arbitrarily receive a second opportunity to make its arguments due to a clerical error.

*Id.* (quoting *United States v. Rice*, 327 U.S. 742, 751(1946) additional internal quotation marks and citations omitted). "In sum, the plain language of the statute, the policy behind it, and logic all support the conclusion that § 1447 divests a district court of jurisdiction upon the entry of its remand order."[2] *Id.*

---

[2]In addition, the Fourth Circuit persuasively distinguished the Court of Appeals for the Third Circuit's decision in *Trans Penn Wax Corp. v. McCandless*. The *Trans Penn Wax Corp.* decision - the strongest articulation of the first "camp" of circuit courts - found the physical act of mailing key to the district court's authority to reconsider its own remand order. *See In re Lowe*, 102 F.3d at 734 (citing *Trans Penn Wax Corp.*, 50 F.3d at 225). Unlike the facts in *In re Lowe* and those underlying the case at bar, the *Trans Penn Wax Corp.* court reviewed a district court remand that was *not* based on § 1447(c) grounds. *See id.* As such, the *Trans Penn Wax* language "indicating that the failure to send a certified copy permits reconsideration is an alternative holding at best . . . and the case on which the *Trans Penn Wax* court relies for its holding, *Thomas v. LTV Corp.*, 39 F.3d 611 (5th Cir. 1994), deals solely with a [remand not ordered pursuant to § 1447(c)]." *See id.*

Notably, district courts within the Tenth Circuit that have reached this issue have adopted the reasoning of the second "camp," led by the Fourth Circuit. *See, e.g., Scherer*, 2006 WL 2255689, *3; *Aetna U.S. Healthcare, Inc.*, 67 F. Supp. 2d at 1246 ("The Court disagrees with such an approach and holds that Section 1447(d) completely bars reconsideration of remand orders under Section 1447(c)."). For instance, in *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, the district court held that: "'[t]he broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review,' and '[t]he courts which allow reconsideration until the Clerk mails a copy of the remand order avoid the plain language of [§] 1447(d).'" *Scherer*, 2006 WL 2255689, *3 (quoting and adopting the reasoning of *Aetna U.S. Healthcare, Inc.*, 67 F. Supp. 2d at 1245 (citing *In re Lowe*, 102 F.3d at 735)).

Here, as noted above, the Court ordered the instant case remanded pursuant to § 1447(c). (Mem. Op. & Order 1.) Given the plain language of § 1447(d) and the persuasive reasoning of *In re Lowe*, the Court concludes that - whether "right or wrong" - its August 17, 2006 remand order cannot be reconsidered.[3] *See In re La Providencia Dev. Corp.*, 406 F.2d at 253. Accordingly, without jurisdiction over this matter the Court must deny Defendant Zimmer's motions.[4] *See* 28 U.S.C. § 1447(d); *In re Lowe*,

---

[3]In so finding, the Court does not rely on the Court of Appeals for the Eleventh Circuit's *In re Loudermilch* opinion in finding that it lost jurisdiction over the instant case when the remand order is *issued*. *See In re Loudermilch*,158 F.3d at 1146 (stating that "we have determined that, where the ultimate question is about jurisdiction, review is improper," but not having occasion to consider whether the act of mailing certified case file is crucial to jurisdiction); *cf. Aetna U.S. Healthcare, Inc.,* 67 F. Supp. 2d at 1246 (citing *In re Loudermilch* in concluding that district courts are stripped of jurisdiction when the remand order is *issued*, not mailed); *Scherer*, 2006 WL 2255689, *3 (same).

[4]At the same time, the Court is confident that it has jurisdiction to dispose of Defendant Zimmer's pending motions because they are collateral and "'it is well established that a federal court may consider collateral issues after the action is no longer pending.'" *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) (quoting *Cooter & Gell v. Hartmarx*, 496 U.S. 384 (1990)) (finding that, like motions for FED. R. CIV. P. 11 sanctions, district courts have jurisdiction to resolve § 1447(c) attorney's fee motions after entering a remand order because such motions only require a "determination of a collateral issue" and *not* a "judgment[s] on the merits of an action").

102 F.3d at 736 ("[W]e hold that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered"); *see also First Union Nat'l Bank*, 123 F.3d at 1377 ("nonreviewability extends to the power of a district court to reconsider its own remand order" where a "case[] [is] remanded, pursuant to 28 U.S.C. § 1447(c), for . . . defects in the removal procedure").

### III. Conclusion.

For the foregoing reasons, Defendant Zimmer's Motion for Stay of Remand Order, Reconsideration of Remand Order (Doc. 35) and its Amended Motion for Stay of Remand Order, Reconsideration of Remand Order (Doc. 36) are hereby **denied**.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**